

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mrs. Violet S. Greenhill, Chief
Division of Child Welfare
State Department of Public Welfare
Austin, Texas

Dear Madam:

Opinion No. O-2721
Re: Does the fact that a county has a
Juvenile Board in any way affect a
County Child Welfare Board Unit pro-
gram, insofar as the county's finan-
cial participation is concerned, or
insofar as the county unit organiza-
tion set-up is involved?

Your recent request for an opinion of this depart-
ment on the question as is herein stated has been received.

We quote from your letter as follows:

"We are in receipt of word from El Paso
County that it is interested in establishing a
County Child Welfare Unit and to participate with
the State in undertaking such a program. This
program would be in conformity with the Annual
Plan as submitted to the Children's Bureau of
the U.S. Department of Labor and which you approv-
ed on June 12, 1940, for the fiscal year ending
June 30, 1941. The Attorney General's Office
ruled on February 21, 1938 that counties could
participate with the State Department in such
projects. Therefore, we do not wish to raise
this particular question again. We would like
to have your opinion on the following question
only.

"Does the fact that a county has a Juvenile
Board in any way affect a County Child Welfare
Board program, insofar as the County's financial
participation is concerned, or insofar as the

County Unit organizational set-up is involved?
We, of course, understand that the County Child
Welfare Board could not undertake functions of
the Juvenile Board, or conflict with any juris-
diction it may have, as indicated in the Statutes
on Juveniles Boards, which are Articles 5139-40-
41-42-42a and 42b.

"It is probable that you will receive a re-
quest from Mr. Ernest Quinn, El Paso County Attor-
ney, for an opinion within the next few days. If
he requests this opinion, we would like to have
a copy of your reply to him sent to us. If he
does not request the opinion, we would like to
have an answer to the above question as quickly
as possible.

"Copy of the ruling from the Attorney Gener-
al's office of 2-21-38, referred to above, is at-
tached."

We have carefully examined Articles 5139-5142b,
inclusive, Vernon's Annotated Civil Statutes, and all amend-
ments thereto, pertaining to Juvenile Boards concerning their
authority, rights, powers, duties, etc., in connection with
Article 695c, Vernon's Annotated Civil Statutes, which is
commonly referred to and cited as, "The Public Welfare Act
of 1939."

Sections 4 and 5 of Article 695a, Vernon's Anno-
tated Civil Statutes, read as follows:

"Sec. 4. The commissioners' court of any
county may appoint in said county seven persons,
resident therein, who shall serve without com-
pensation and hold office during the pleasure
of the commissioners' court, who shall constitute
a Child Welfare Board for the County, which Child
Welfare Board shall select its own chairman. The
Child Welfare Board shall perform such duties as
may be required of it by the said Commissioners'
Court and Board of Control in furtherance of the

Mrs. Violet S. Greenhill, Chief, Page 3

purposes of this Act. The County Commissioners'
Court of any county may remove any member of such
County Welfare Board for just cause.

"Sec. 5. The Board of Control, through said
County Welfare Board, shall work in conjunction
with the County Commissioners' Court, Juvenile
Boards, and all other officers and agencies whose
purpose is for the protection of the children des-
cribed herein, and the Board of Control is here-
by authorized to use and allot any funds, that
may be specifically approppiated for such purposes,
by the Legislature, that may be necessary in joint-
ly establishing and maintaining, together Juvenile
Board or other County or City Board or other
agency, homes, schools, and institutions for the
care, protection, education and training of the
class of children sought to be protected by the
provisions hereof."

Section 42 of Article 695c, Vernon's Annotated Civil
Statutes, provides:

"County Child Welfare Boards established or
hereinafter appointed in conformity with Section
4, Act of 1931, Forty-second Legislature, Page
323, Chapter 194, shall continue to function as
provided therein."

Under Article 695c, supra, all the rights, powers,
and duties of the Division of Child Welfare of the State
Board of Control was transferred to the State Department of
Public Welfare.

After all the rights, powers and duties of the
Division of Child Welfare of the State Board of Control was
transferred to the State Department of Public Welfare, we
are of the opinion that the State Department of Public Wel-
fare is authorized by Section 5 of Article 695a, supra, to
work in conjunction with the County Commissioners' Court,
juvenile boards and all other officers and agencies whose
purpose is for the protection of the children described.

As above stated, after carefully examining all the statutes pertinent to the question here involved, we understand that a County Child Welfare Board cannot undertake the functions of a Juvenile Board or conflict with any jurisdiction it may have as indicated by the above mentioned statutes.

However, the rights, duties and powers of the above mentioned Juvenile Board and County Child Welfare Board are specifically set out by statute and the purpose of the various boards is to perform certain duties not imposed upon the other. We find no prohibition that would prevent a county having a Juvenile Board and also having a County Child Welfare Board as provided by the above mentioned statutes.

Therefore, you are respectfully advised that it is the opinion of this department that under the provisions of the above mentioned statutes, it is permissible for a county to have both a Juvenile Board and a County Child Welfare Board. Your question, as above stated, is respectfully answered in the negative.

Trusting that the foregoing fully answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

BY *Ardell Williams*

Ardell Williams
Assistant

AW:AW    APPROVED SEP 23, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

